# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D CROUCH,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>COLORADO STATE BANK & TRUST; PROBATE COURT OF DENVER, COLORADO,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 10-CV-852 W (AJB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2.)** |

　　　On April 21, 2010, Plaintiff John D Crouch ("Plaintiff"), proceeding *pro se*, filed a complaint to challenge the denial of a scheduled trust-fund distribution. (Doc. No. 1.) The same day, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) The Court takes the matters under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Plaintiff's IFP request.

　　　The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well settled that a party need not be

completely destitute to proceed IFP.  <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339–40 (1948); <u>see</u> <u>also</u> <u>Olivares v. Marshall</u>, 59 F.3d 109, 112 (9th Cir. 1995) ("[T]he filing fee, while discretionary, should not take the prisoner's last dollar." [citations]).  Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot "because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." <u>Adkins</u>, 335 U.S., at 339.  At the same time, however, the court must "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F. Supp. 848, 850 (D.R.I. 1984).

Here, Plaintiff indicates that he is currently unemployed, has no checking or savings account, and is currently living in a County of San Diego mental health facility. Given that Plaintiff's current monthly obligations in all likelihood outpace his monthly income, the Court finds that forcing Plaintiff to pay the filing fee would deprive him of the necessities of life.

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP.  However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. **This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.**

**IT IS SO ORDERED.**

DATED: April 30, 2010

_____
Hon. Thomas J. Whelan
United States District Judge